IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02333-CMA-KLM

ROBERT RYBERG, on behalf of decedent and as personal representative of the Estate of Kevin C. Ryberg,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER,
THE DENVER POLICE DEPARTMENT,
TIMOTHY LUKE, Denver Police Department Officer,
RANDALL KROUSE, Denver Police Department Officer, and
JOHN AND JANE DOES 1-10,

    Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's[1] **Unopposed Motion to Stay Discovery** [#16][2] (the "Motion").

Although a stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted));

---

[1] For purposes of this Order, "Defendants" refers to all Defendants other than the John and Jane Doe Defendants.

[2] "[#16]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (finding that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that staying discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).  Further, in their pending Motion to Dismiss [#15], Defendants assert that they are entitled to qualified immunity.  *See Motion* [#15] at 4-9.  Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (citation omitted).  Immunity questions should be resolved at the earliest possible stage of the litigation, thereby avoiding many of the associated burdens and costs.  *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir.

1995).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, staying discovery would apparently not prejudice Plaintiff, as he does not oppose the Motion.  Therefore, the Court finds that the first *String Cheese Incident* factor weighs in favor of a stay.  With regard to the second factor, it appears Defendants will not be burdened by a stay because they are seeking a stay.  The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of a stay.  With regard to the third factor, it is certainly more convenient for the Court to enter a stay until it is clear that the case will move forward. The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay.  With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against a stay.  With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court and litigants serves this interest.  Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.

IT IS HEREBY **ORDERED** that the Motion [#16] is **GRANTED**.  Accordingly,

IT IS FURTHER **ORDERED** that all discovery is **STAYED** pending resolution of

Defendants' Motion to Dismiss [#15].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for January 28, 2014, at 10:00 a.m. is **VACATED**. The Court will reset the Scheduling Conference, if necessary, after resolution of Defendants' Motion to Dismiss [#15].

Dated: December 17, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge