IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-02333-CMA-KLM

ROBERT L. RYBERG, on behalf of Decedent Kevin C. Ryberg, and as
Personal Representative of the Estate of Kevin C. Ryberg,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER,
THE DENVER POLICE DEPARTMENT,
DENVER POLICE DEPARTMENT OFFICER TIMOTHY LUKE,
DENVER POLICE DEPARTMENT OFFICER RANDALL KROUSE, and
JOHN AND JANE DOES 1-10,

    Defendants.

## ORDER ADOPTING IN PART AND REJECTING IN PART APRIL 29, 2014 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case was referred to United States Magistrate Judge Kristen L. Mix pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. (Doc. # 4.) On April 29, 2014, Judge Mix issued a Recommendation to grant in part and deny in part Defendants' Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) (Doc. # 15). (Doc. # 22). Specifically, Magistrate Judge Mix advised that all claims, except Plaintiff's Eighth Amendment claim against Defendant Krouse, should be dismissed. (Doc. # 81 at 9.) Thereafter, Defendants filed an objection to Judge Mix's Recommendation. (Doc. # 23.) Plaintiff neither objected to the Recommendation, nor filed a response to Defendants' objection.

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to."  In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

Defendants first object to Judge Mix's determination that Defendant Krouse is not entitled to qualified immunity for the Eighth Amendment claim.  Defendants argue that the Eighth Amendment is inapplicable to Plaintiff's excessive force claim, which properly sounds under the Fourth Amendment.  (Doc. # 23 at 3-4.)  As the Supreme Court has explained:

> Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right "to be secure in their persons . . . against unreasonable . . . seizures" of the person.
>
> . . .
>
> *[A]ll* claims that law enforcement officers have used excessive force— deadly or not—in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment.
>
> . . .
>
> Moreover, the less protective Eighth Amendment standard applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."

*Graham v. Connor*, 490 U.S. 386, 395-99 (1989) (emphasis and alterations in original, citations omitted).  Plaintiff claims that Defendant Krouse used excessive force when he

shot and killed Plaintiff either before or during his transportation to jail following his arrest.  Plaintiff had not been arraigned, tried, nor convicted of any charge.  Accordingly, the Court agrees that Plaintiff has not properly alleged an Eighth Amendment claim.  Therefore, the Court sustains Defendant's objection and dismisses with prejudice[1] Plaintiff's Eighth Amendment claim against Defendant Krouse.

The Court also agrees that Plaintiff's claims against Defendants in their official capacity should be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6), rather than on Eleventh Amendment jurisdictional grounds.  Likewise, the Court agrees that the recommendation improperly concluded that because Plaintiff failed to state a claim pursuant to *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978), Defendant City and County of Denver was "entitled to sovereign immunity." (Doc. # 22 at 22.)  Instead, Plaintiff has failed to state a claim of municipal liability against Defendant City and County of Denver and, therefore, that claim is also dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

The Court has conducted a *de novo* review of this matter, including reviewing all relevant pleadings, the Recommendation, and Plaintiff's objection thereto.  Based on this *de novo* review, it is ORDERED that, for the reasons set for in this order, the April 29, 2014 Amended Recommendation of United States Magistrate Judge Kristen L. Mix (Doc. # 22) REJECTED in part as to the Eighth Amendment claim and ADOPTED AND AFFIRMED in all other respects.

---

[1] Dismissal with prejudice is appropriate where Plaintiff's amendment would be futile.  *See Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997) (A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile).

It is FURTHER ORDERED that the Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) (Doc. # 15) is GRANTED.  Specifically, it is ORDERED that:

1. Defendants Luke and Krouse are entitled to qualified immunity on Plaintiff's Fourth Amendment Claims and those claims are DISMISSED WITHOUT PREJUDICE.

2. Plaintiff's Eighth Amendment claims are DISMISSED WITH PREJUDICE.

3. Defendants Luke and Krouse are entitled to qualified immunity on Plaintiff's Fifth and Fourteenth Amendment and those claims are DISMISSED WITHOUT PREJUDICE.

4. Plaintiff's claims against Defendants Luke and Krouse in their official capacity are DISMISSED WITHOUT PREJUDICE.

5. Plaintiff's claims against Defendant City and County of Denver are DISMISSED WITHOUT PREJUDICE.

6. Plaintiff's claims against Denver Police Department are DISMISSED WITH PREJUDICE.

7. Plaintiff's state law claims are DISMISSED WITH PREJUDICE.

8. Plaintiff's claims against John and Jane Does 1-10 are DISMISSED WITHOUT PREJUDICE.

9. This case is dismissed in its entirety.

DATED:  August   13  , 2013

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge